IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JON H. ROYAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-07-774-R |
| ) | |
| JOSEPH SCIBANA, Warden ) | |
| of Federal Bureau of Prisons, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner, a federal prisoner, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Plaintiff challenges the Bureau of Prisons' determination that he is ineligible for early release under 18 U.S.C. § 3621(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Valerie K. Couch for preliminary proceedings. On November 30, 2007, Judge Couch issued a Report and Recommendation wherein she recommended that the petition for habeas corpus relief be denied. The matter is currently before the Court on Petitioner's objection to the Report and Recommendation.

Petitioner complains that because he was recently transferred to the Bureau of Prisons' facility in Beaumont Texas that he has been denied a liberty interest, which he asserts was created when he completed a Residential Drug Abuse Program pursuant to 18 U.S.C. § 3621(e). Petitioner was informed in 2002 that he was eligible for early release consideration, but that his provisional eligibility could change if he was transferred out of the Tenth Circuit, which is indeed what occurred. Upon arrival at the Federal Correctional Complex in

Beaumont, Texas, Petitioner was informed that he was ineligible for early release under the program. Judge Couch recommends that the petition for habeas corpus be denied because Petitioner does not have a liberty interest in the one-year reduction and thus his due process rights were not violated. Judge Couch further concluded that Petitioner did not have an equal protection claim either.

Judge Couch concluded that Petitioner lacked a liberty interest, because (1) a prisoner des not have a constitutional right to reduction of a valid sentence, and (2) 18 U.S.C. § 3621(e)(2)(B), permits, but does not mandate, that the Bureau of Prisons reduce an inmate's sentence after completed of a substance abuse treatment program. Petitioner contends in his objection that a liberty interest was created when he received the 2002 notification of his provisional eligibility for the reduction, and that the reduction could not be taken away without due process protections.

In support of this contention Petitioner relies on two factually inapposite cases. In *Green v. McCall*, 822 F.2d 284 (2d Cir. 1987), the court concluded that inmates who had been given presumptive parole dates were entitled to some due process protection before the date could be changed. Petitioner, however, is not similarly situated to an inmate with a presumptive parole date. In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Supreme Court concluded that before a state could revoke parole that the parolee was entitled to due process protection. Clearly Petitioner is not entitled to the protection set forth in *Morrissey*.

It is beyond dispute that when the Bureau of Prisons informed Petitioner of his eligibility under § 3621(e) that he was also informed of the provisional nature of the remedy,

and therefore no liberty interest was created. Therefore, the Court concludes, for the reasons set forth in the Report and Recommendation, that Petitioner was not denied of his due process rights.

Petitioner also seeks relief under the equal protection clause. Judge Couch concluded that Petitioner's equal protection rights were not violated, noting the Tenth Circuit's pronouncement that the Bureau of Prisons is not compelled by the equal protection clause to apply the law of the Tenth Circuit to each of its facilities nationwide. Although Petitioner attempts to distinguish his argument, the Court finds his challenge unavailing. For the reasons set forth in the Report and Recommendation the Court concludes that Petitioner was not denied his equal protection rights.

Having conducted a de novo review of the matter in accordance with 28 U.S.C. § 636(b)(1), the court agrees with the analysis and recommendation of Magistrate Judge Couch and accepts, adopts, and affirms the Report and Recommendation. The court has considered all the arguments and claims of Petitioner and concludes that the arguments and claims are without merit and do not warrant the granting of habeas relief.

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Valerie K. Couch is ACCEPTED, ADOPTED, and AFFIRMED. Petitioner Royal's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

IT IS SO ORDERED this 29th day of February 2008.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE